# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAFDER IQBAL,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN,<br><br>　　　　Respondents. | Case No. 1:23-cv-00111-EPG-HC<br><br>ORDER FOR SUPPLEMENTAL BRIEFING |

　　　　Petitioner Safder Iqbal is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

　　　　On January 17, 2023, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Central District of California. (ECF No. 1.) On January 25, 2023, the petition was transferred to this Court. (ECF Nos. 4, 5.) In the petition, Petitioner challenges a Federal Bureau of Prisons' policy of refusing to allow prisoners with immigration detainers to apply earned time credits ("FTCs" or "ETCs") under the First Step Act ("FSA"). (ECF No. 1.) On April 3, 2023, Respondent filed a motion to dismiss the petition, arguing, *inter alia*, that "Petitioner is jurisdictionally and statutorily barred from FSA ETC sentence-offsets due to the final order of removal from another federal court." (ECF No. 14 at 3.)[1]

　　　　As Respondent had not provided the Court with a copy of the final order of removal itself, the Court ordered Respondent to file a copy of the purported final order of removal. (ECF

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

No. 17.)

On July 13, 2023, Respondent filed a motion to stay the proceedings and for leave to file an amended superseding motion to dismiss and response to the petition because Respondent recently learned that information supplied by the Bureau of Prison (*i.e.*, the existence of a final order of removal) was inaccurate. (ECF No. 18.) The Court granted Respondent leave to file an amended response. (ECF No. 19.)

On September 5, 2023, Respondent filed a superseding motion to dismiss, arguing, *inter alia*, that "the petition must be jurisdictionally dismissed for lack of constitutional standing and failure to state a claim under law" because "Petitioner is jurisdictionally and statutorily barred from FSA ETC sentence-offsets due to the final order of removal from another federal court." (ECF No. 24 at 2, 3.) Respondent filed under seal a copy of the purported final order of removal—a final administrative removal order under section 238(b) of the Immigration and Nationality Act dated July 25, 2023. (ECF No. 29.) On September 7, 2023, Petitioner filed a motion for summary judgment. (ECF No. 26.) Therein, Petitioner states that he filed an appeal of the administrative removal order with the Ninth Circuit on August 14, 2023. (Id. at 3.) On November 8, 2023, Petitioner filed a response to the motion to dismiss. (ECF No. 30.)

Under the First Step Act, a "prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits[.]" 18 U.S.C. § 3632(d)(4)(A). "Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C). However, a "prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17)))." 18 U.S.C. § 3632(d)(4)(E)(i).

The Court finds that supplemental briefing on the following issues would assist the Court in this matter: (1) whether a final administrative removal order under section 238(b) of the

Immigration and Nationality Act constitutes a "final order of removal" under 18 U.S.C. § 3632(d)(4)(E)(i), and what impact, if any, Petitioner's Ninth Circuit appeal has on the finality of such order of removal; and (2) whether Petitioner is entitled to apply any time credits earned prior to the issuance of the July 25, 2023 final administrative removal order "toward time in prerelease custody or supervised release" under 18 U.S.C. § 3632(d)(4)(C).

Accordingly, the Court HEREBY ORDERS:

1. Within thirty (30) days of the date of service of this order, Respondent shall file a supplemental brief addressing the issues set forth above; and
2. Within fourteen (14) days of the date of service of Respondent's supplemental brief, Petitioner may file a response.

IT IS SO ORDERED.

Dated:   **December 19, 2023**          /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE