# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAFDER IQBAL,<br><br>          Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>          Respondents. | Case No. 1:23-cv-00111-EPG-HC<br><br>ORDER TERMINATING RESPONDENT'S MOTION TO DISMISS, GRANTING IN PART RESPONDENT'S SUPERSEDING MOTION TO DISMISS, DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(ECF Nos. 14, 24, 26) |

Petitioner Safder Iqbal is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 9, 12, 15.) For the reasons stated herein, the Court grants Respondent's superseding motion to dismiss, denies Petitioner's motion for summary judgment, and dismisses the petition for writ of habeas corpus.

## I.

## BACKGROUND

In 2020, Petitioner was convicted in the United States District Court for the District of Colorado of wire fraud. On January 22, 2020, Petitioner was sentenced to an imprisonment term of sixty months. (ECF No. 24 at 1 n.1.[1])

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1    In the instant petition for writ of habeas corpus, Petitioner challenges a Federal Bureau of

2    Prisons' policy of refusing to allow prisoners with immigration detainers to apply First Step Act

3    ("FSA") time credits ("FTCs" or "ETCs"). (ECF No. 1.) On April 3, 2023, Respondent filed a

4    motion to dismiss the petition, arguing, *inter alia*, that "Petitioner is jurisdictionally and

5    statutorily barred from FSA ETC sentence-offsets due to the final order of removal from another

6    federal court." (ECF No. 14 at 3.) As Respondent had not provided the Court with a copy of the

7    final order of removal itself, the Court ordered Respondent to file a copy of the purported final

8    order of removal. (ECF No. 17.)

9    On August 15, 2023, the Court granted Respondent an extension of time to file a

10   superseding motion to dismiss. (ECF No. 23.) On September 5, 2023, Respondent filed a

11   superseding motion to dismiss, arguing that the "petition must be dismissed for lack of statutory

12   authority under § 2241 to compel BOP discretionary (sentence end-phase programming) action

13   via declaratory and advisory opinions," "Petitioner has failed to exhaust administrative remedies

14   about any policy, disputed program, activity, or FSA ETCs," and "the petition must be

15   jurisdictionally dismissed for lack of constitutional standing and failure to state a claim under

16   law" because "Petitioner is jurisdictionally and statutorily barred from FSA ETC sentence-

17   offsets due to the final order of removal from another federal court." (ECF No. 24 at 2, 3.)

18   Respondent also filed under seal a copy of the purported final order of removal. (ECF No. 29.)

19   On September 7, 2023, Petitioner filed a motion for summary judgment. (ECF No. 26.) On

20   November 8, 2023, Petitioner filed an opposition to the motion to dismiss. (ECF No. 30.) Per the

21   Court's order, the parties submitted supplemental briefs. (ECF Nos. 31–33.)

22                                              **II.**

23                                          **DISCUSSION**

24   **A.  First Step Act**

25   "On December 21, 2018, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194,

26   was enacted. The Act implemented a number of prison and sentencing reforms." Bottinelli v.

27   Salazar, 929 F.3d 1196, 1197 (9th Cir. 2019). Under the First Step Act, a "prisoner, except for an

28   ineligible prisoner under subparagraph (D), who successfully completes evidence-based

1    recidivism reduction programming or productive activities, shall earn time credits[.]" 18 U.S.C.

2    § 3632(d)(4)(A). "Time credits earned under this paragraph by prisoners who successfully

3    participate in recidivism reduction programs or productive activities shall be applied toward time

4    in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C). However, a "prisoner is

5    ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final

6    order of removal under any provision of the immigration laws (as such term is defined in section

7    101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17)))." 18 U.S.C.

8    § 3632(d)(4)(E)(i).

9         **B.  District Court Authority**

10        Respondent contends that "[t]he instant petition must be dismissed for lack of statutory

11   authority under § 2241 to compel BOP discretionary (sentence end-phase programming) action

12   via declaratory and advisory opinions," (ECF No. 24 at 2), arguing:

13   > Petitioner otherwise fails to state a claim under § 2241 for an order
     > compelling BOP action, *i.e.*, compelled discretionary application
14   > of FSA ETCs as discretionary sentence-offsets to advance
     > similarly discretionary advancement of prerelease sentence end-
15   > phase programming (e.g., RRC or TSR). These discretionary
     > actions, which involve, among other things, agency inmate
16   > evaluations and assessment of available resources, are entrusted by
     > law — such as inmate specific, individualized, FSA ETC earning
17   > via EBRR and PA programming — to BOP *discretionary* action.
     > *See e.g., Diez-Morejon v. Warden, FCI-Mendota,* No. 22-1589-
18   > SKO, slip op., 2023 WL 3202864 (E.D. Cal., May 2, 2023)
     > (holding "[w]hether or not the BOP grants Petitioner credits under
19   > the FSA is entirely within its discretion" and the "failure to receive
     > relief that is purely discretionary in nature does not amount to a
20   > deprivation of a liberty interest") (citing *Mejia-Rodriguez v. Reno*,
     > 178 F.3d 1139, 1146 (11th Cir. 1999)).
21

22   (ECF No. 24 at 4–5.)

23        Pursuant to 18 U.S.C.§ 3632(d)(4)(C), "[t]ime credits earned . . . by prisoners who

24   participate in recidivism reduction programs or productive activities *shall* be applied toward time

25   in prerelease custody or supervised release" and the Director of the BOP "*shall* transfer eligible

26   prisoners, as determined under section 3624(g), into prerelease custody or supervised release."

27   18 U.S.C. § 3632(d)(4)(C) (emphasis added). "The BOP is therefore required to apply time

28   credits to eligible prisoners who have earned them and cannot categorically make prisoners

1    ineligible for such credits in a manner that contravenes the statutory scheme set forth in 18

2    U.S.C. § 3632." Sierra v. Jacquez, No. 2:22-cv-01509-RSL-BAT, 2022 WL 18046701, at *4

3    (W.D. Wash. Dec. 27, 2022), report and recommendation adopted, 2023 WL 184225 (W.D.

4    Wash. Jan. 13, 2023). Given that application of FTCs to eligible prisoners who have earned them

5    is *required*, not discretionary, under U.S.C.§ 3632(d)(4)(C), the Court finds that dismissal is not

6    warranted on the ground that it lacks jurisdiction to compel BOP discretionary action with

7    respect to FTCs. See Rodriguez v. Copenhaver, 823 F.3d 1238, 1242 (9th Cir. 2016) ("Although

8    a district court has no jurisdiction over discretionary designation decisions, it does have

9    jurisdiction to decide whether the Bureau of Prisons acted contrary to established federal law,

10   violated the Constitution, or *exceeded its statutory authority* when it acted pursuant to 18 U.S.C.

11   § 3621." (emphasis added) (citing Close v. Thomas, 653 F.3d 970, 973–74 (9th Cir. 2011))).

12          **C.  Exhaustion**

13          "As a prudential matter, courts require that habeas petitioners exhaust all available

14   judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678

15   F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). However, because it is not a jurisdictional

16   prerequisite, exhaustion can be waived. Id. (citations omitted). "Exhaustion is not required if: (1)

17   administrative remedies would be futile; (2) the actions of the agency clearly and unambiguously

18   violate statutory or constitutional rights; or (3) the administrative procedure is clearly shown to

19   be inadequate to prevent irreparable injury." Terrell v. Brewer, 935 F.2d 1015, 1019 (9th Cir.

20   1991).

21          The BOP grievance process is set forth at 28 C.F.R. § 542.10 *et seq*. "As a first step in

22   this process, an inmate normally must present his complaint informally to prison staff using a

23   BP–8 form." Nunez v. Duncan, 591 F.3d 1217, 1219 (9th Cir. 2010).  "If the informal complaint

24   does not resolve the dispute, the inmate may make an 'Administrative Remedy Request'

25   concerning the dispute to the prison Warden using a BP–9 form." Nunez, 591 F.3d 1219. "If the

26   Warden renders an adverse decision on the BP–9, the inmate may appeal to the Regional

27   Director using a BP–10 form." Nunez, 591 F.3d 1219. "The inmate may appeal an adverse

28   decision by the Regional Director to the Central Office (also called the General Counsel) of the

1  BOP using a BP–11 form." <u>Nunez</u>, 591 F.3d 1219. A final decision from the Office of General

2  Counsel completes the BOP's administrative remedy process. 28 C.F.R. § 542.15(a).

3        Here, it is undisputed that Petitioner failed to exhaust his administrative remedies.

4  Petitioner alleges that he attempted to communicate with the prison administration about this

5  matter but that his unit team stated, "'This is an Immigration matter and we have nothing to do

6  with it'. Your issue is with ICE rather than the BOP." (ECF No. 30 at 1.) Petitioner argues that

7  this "amounts to the unavailability of the remedy process." (<u>Id.</u>) Petitioner also argues that he

8  "presents a narrow question of statutory construction," so the exhaustion requirement may be

9  excused and the merits of the petition may be addressed. (<u>Id.</u>)

10        The Court will waive the exhaustion requirement in the instant matter. Respondent has

11  not addressed Petitioner's assertion that administrative remedies were unavailable to Petitioner.

12  Moreover, in light of Respondent's determination that "Petitioner is jurisdictionally and

13  statutorily barred from FSA ETC sentence-offsets due to the final order of removal," (ECF No.

14  24 at 3), the Court finds that pursuing administrative remedies would be futile and thus,

15  dismissal is not warranted for nonexhaustion.

16        **D.  Final Order of Removal**

17        A prisoner is ineligible to apply FTCs "if the prisoner is the subject of a final order of

18  removal under any provision of the immigration laws (as such term is defined in section

19  101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17)))." 18 U.S.C.

20  § 3632(d)(4)(E)(i). Here, Respondent contends that Petitioner is ineligible to apply FTCs because

21  he is subject to a final order of removal. (ECF No. 24 at 3.) Respondent has filed a copy of a

22  final administrative removal order under section 238(b) of the Immigration and Nationality Act

23  ("INA") dated July 25, 2023.[2] (ECF No. 29.) Petitioner argues that such a final administrative

24  removal order does not constitute a final order of removal for purposes of the First Step Act.

25  (ECF No. 30 at 4.)

26  ///

[2] The handwritten date is July 25, 2023, but the order was digitally signed by an authorized ICE official on July 26, 2023. (ECF No. 29.)

1    "Expedited removal proceedings for non-citizens convicted of committing aggravated

2    felonies are a creation of INA § 242A(b), later redesignated as INA § 238(b) and currently

3    codified at 8 U.S.C. §1228(b)." Zuniga v. Barr, 946 F.3d 464, 468 (9th Cir. 2019). "Section

4    1228(b) authorizes DHS [Department of Homeland Security] to order a limited class of non-

5    citizens removed from the country without affording them a hearing before an immigration

6    judge." Gomez-Velazco v. Sessions, 879 F.3d 989, 991 (9th Cir. 2018). Proceedings under

7    §1228(b) are summary in nature because if DHS establishes . . . three predicates,[3] the individual

8    is conclusively presumed removable and categorically ineligible for most forms of discretionary

9    relief from removal." Id. (citing 8 U.S.C. §1228(b)(5), (c); United States v. Arrieta, 224 F.3d

10   1076, 1080–81 (9th Cir. 2000)).

11   "[I]n the deportation context, a 'final order of removal' is a final order 'concluding that

12   the alien is deportable or ordering deportation.'" Nasrallah v. Barr, 140 S. Ct. 1683, 1690 (2020)

13   (quoting 8 U.S.C. § 1101(a)(47)(A)). Here, the final administrative removal order states that

14   Petitioner is removable and orders that Petitioner be removed from the United States. (ECF No.

15   29.) Additionally, the Ninth Circuit has recognized that expedited removal proceedings result in

16   final orders of removal. See Lopez v. Garland, 40 F.4th 996, 1001 (9th Cir. 2022) (noting that in

17   Aguilar-Aguilar v. Napolitano, 700 F.3d 1238 (10th Cir. 2012), DHS "secured a final order of

18   removal through the expedited removal process" based on a petitioner's "conviction for an

19   aggravated felony"), cert. denied sub nom. Luvian v. Garland, 143 S. Ct. 2461 (2023); Alcala v.

20   Holder, 563 F.3d 1009, 1014 (9th Cir. 2009) (discussing Lin v. Gonzales, 473 F.3d 979 (9th Cir.

21   2007), wherein "the expedited proceeding . . . had resulted in a final order of removal").

22   Petitioner is the subject of a final administrative removal order issued via expedited removal

23   proceedings, which the Ninth Circuit has recognized results in final orders of removal, and thus,

24   is ineligible to apply time credits under the First Step Act.[4] See Gomez-Cuzme v. Birkholz, No.

25

26   [3] "To invoke §1228(b), DHS must establish that the individual to be removed: (1) is not a citizen of the
     United States; (2) has not been lawfully admitted for permanent residence; and (3) has been convicted of
27   an aggravated felony." Gomez-Velazco, 879 F.3d at 991 (citing 8 U.S.C. §1228(b)(1), (2); 8 C.F.R.
     § 238.1(b)(1)).
28   [4] In light of this conclusion, the Court declines to address Petitioner's motion for summary judgment.

2:23-cv-01753-ODW-SHK, 2023 WL 4423602, at *3 (C.D. Cal. June 1, 2023) ("Here, Petitioner is subject to a final removal order under section 235(b)(1) of the Immigration and Nationality Act ("INA"), and is thus ineligible to apply time credits under the First Step Act."), findings and recommendation accepted, 2023 WL 4422830 (C.D. Cal. July 7, 2023); Ceron v. Engleman, No. CV 23-3388-SSS (AGR), 2024 WL 967858, at *2 (C.D. Cal. Jan. 24, 2024) ("Petitioner is subject to a[n expedited] final order of removal and thus statutorily ineligible for FSA's earned time credits."), findings and recommendation accepted, 2024 WL 968850 (C.D. Cal. Mar. 6, 2024).

Accordingly, the Court HEREBY ORDERS:

1. Respondent's motion to dismiss (ECF No. 14) is TERMINATED;

2. Respondent's superseding motion to dismiss (ECF No. 24) is GRANTED in part;

3. Petitioner's motion for summary judgment (ECF No. 26) is DENIED;

4. The petition for writ of habeas corpus is DISMISSED; and

5. The Clerk of Court is DIRECTED to CLOSE the case.

IT IS SO ORDERED.

Dated:   **March 18, 2024**

/s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE